UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 20, 2017

LETTER TO COUNSEL

RE: *Richard Douglas Clough v. Commissioner, Social Security Administration*;
Civil No. SAG-16-3793

Dear Counsel:

On November 23, 2016, Plaintiff Richard Douglas Clough petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits. [ECF No. 1]. I have considered the parties' cross-motions for summary judgment and Plaintiff's reply. [ECF Nos. 18, 20, 23]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *see also Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Mr. Clough protectively filed a claim for Disability Insurance Benefits ("DIB") on March 28, 2013, alleging a disability onset date of January 1, 2011. (Tr. 168-69). His claim was denied initially and on reconsideration. (Tr. 91-102, 104-15). A hearing was held on May 13, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 37-54). Following the hearing, the ALJ determined that Mr. Clough was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 19-31). The Appeals Council denied Mr. Clough's request for review, (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Clough suffered from the severe impairments of "status post-op of the left knee, degenerative disc disease of the cervical and lumbar spine, liver disease, asthma, gastroesophageal reflux disease (GERD), depression, anxiety, attention deficit disorder (ADD) or attention deficit hyperactivity disorder (ADHD), and history of substance abuse." (Tr. 21). Despite these impairments, the ALJ determined that Mr. Clough retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except the work must consist of only simple, routine tasks; only occasional interaction with the public, coworkers, and supervisors; and must have no concentrated exposure to pulmonary irritants, such as dust and fumes.

(Tr. 25). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Clough could perform several jobs existing in significant numbers in the national economy. (Tr. 30-31). Accordingly, the ALJ determined that Mr. Clough was not disabled. (Tr. 31).

Mr. Clough raises two issues on appeal: (1) that the ALJ's decision runs afoul of the Fourth Circuit's holding in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015); and (2) that the ALJ erred at step three of the sequential evaluation by failing to properly evaluate whether Mr. Clough's impairments meet or equal the criteria set forth in Listing 1.04A. Pl. Mot. Summ. J. 7-25. I agree that the ALJ's decision does not comport with *Mascio*, and that remand is therefore required. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Clough is not entitled to benefits is correct.

First, Mr. Clough argues the ALJ failed to account for his moderate difficulties in concentration, persistence, or pace in the RFC assessment, as required by the Fourth Circuit's holding in *Mascio*. Pl. Mot. Summ. J. 10. In *Mascio*, the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.00-12.15 (2015). The relevant listings therein consist of: (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id*. § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id*.

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. *Id.* § 12.00(C). The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1520a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id*. § 404.1520a(c)(4). To satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.04, 12.06. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id*. § 12.00(C).

The functional area of "[c]oncentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id*. § 12.00(C)(3). Social Security

regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id*. The regulations, however, offer little guidance on the meaning of "moderate" limitations.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id*. at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id*. Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that, absent such an explanation, remand was necessary. *Id*.

In the instant case, the ALJ found that Mr. Clough had "moderate difficulties" in concentration, persistence, or pace. (Tr. 23). The ALJ noted that Mr. Clough reported difficulties with "his memory and concentration due to scattered thoughts . . . [and] with following spoken instructions and that he does not like changes in routine[.]" *Id.* (citation omitted). Moreover, the ALJ noted that Mr. Clough "had difficulty focusing due to racing thoughts[.]" *Id.* Referencing Mr. Clough's psychological consultative examination, the ALJ also observed that Mr. Clough's "thoughts were rational and thinking was clear and logical[.]" *Id.* (citation omitted). Additionally, the ALJ noted that the psychological consultative examination revealed that Mr. Clough's "attention and concentration appeared to be functional and adequate, and [he] could recall objects, carry out three-step directions, follow a simple command, and repeat a complex phrase." *Id.*

According to 20 CFR § 404.1520a(c)(2), the rating of "moderate difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

20 CFR § 404.1520a(c)(2). Once the technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

> At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

*Id.* § 404.1520a(e)(4). The cursory analysis provided by the ALJ in Mr. Clough's case fails to fulfill these requirements. Without further explanation, I am unable to ascertain whether the ALJ truly believed Mr. Clough to have moderate difficulties in concentration, persistence, and pace, instead of mild or no difficulties, and how those difficulties restrict his RFC to "simple, routine tasks[] . . . [with] only occasional interaction with the public, coworkers, and supervisors[.]" (Tr. 25). Indeed, the ALJ's analysis entirely fails to address Mr. Clough's pace or ability to sustain work over an eight-hour workday. *See, e.g.*, (Tr. 28-29) (assigning "great weight" to opinions of state agency consultants who found "that the claimant was moderately limited with respect to his ability to maintain attention and concentration for extended periods and in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods"). In light of this inadequacy, I must remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. On remand, the ALJ should consider the appropriate level of limitation in the area of concentration, persistence, or pace, and, if the ALJ finds moderate limitation again, should explain his finding to permit an adequate evaluation under the dictates of *Mascio*.

Next, Mr. Clough contends that the ALJ erred at step three of the sequential evaluation by failing to properly assess whether his impairments met or equaled the criteria set forth in Listing 1.04A. Pl. Mot. Summ. J. 15-25. Listing 1.04A governs disorders of the spine "resulting in compromise of a nerve root [] or the spinal cord." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.04A. To demonstrate that his impairments meet or equal the Listing 1.04A criteria, the claimant must offer "[e]vidence of nerve root compression characterized by [1] neuro-anatomic distribution of pain, [2] limitation of motion of the spine, [3] motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, [4] if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)[.]" *Id.* Listing 1.04A requires that "each of the symptoms are [sic] present, and that the claimant has suffered or can be expected to suffer from nerve root compression continuously for at least 12 months." *Radford v. Colvin*, 734 F.3d 288, 294 (4th Cir. 2013) (citation omitted).

Here, the ALJ properly considered the evidence on the record in determining whether Mr. Clough's impairments met or equaled the Listing 1.04A criteria. At step three, the ALJ stated, in relevant part:

> The claimant does not meet listing 1.04 Disorders of the spine because the record does not demonstrate compromise of a nerve root . . . or the spinal cord with additional findings of: A) evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising[.] . . . *Physical examinations throughout the record do not support findings of the 1.04(A) criteria* (Exhibits 7F, pp. 16-17 and 20-21, 8F, p. 10, 11F, pp. 15, 21-22, 29, and 30, 12F, pp. 3,7, [sic] 10, and 46, 13F, pp.3 and 7,15F, [sic] pp. 5, 12, and 28).

(Tr. 22) (emphasis added). As an initial matter, it appears that the ALJ made several typographical errors by providing incorrect citations to the record. The ALJ, for example, cited to "Exhibits 7F, pp. 16-17 and 20-21 . . . [and] 11F, pp. [] 21-22, 29, and 30," which do not exist in the record. *See* (Tr. 355-60, 437-52). Moreover, the ALJ cited to "[Exhibit] 13F, pp. 3 and 7," which discusses only Mr. Clough's mental health and digestive health issues. (Tr. 526, 530). Despite the presence of typographical errors, I find that the ALJ provided substantial evidence to support his conclusion that Mr. Clough's neck and back impairments failed to meet or equal the Listing 1.04A criteria. *See D'Almeida v. Astrue*, No. 1:10-cv-02095-PWG, 2012 WL 395201, at *3 (D. Md. Feb. 6, 2012) (holding that the "ALJ adequately discussed Claimant's history of herniated discs in his decision[,]" despite presence of an apparent typographical error). Notably, the ALJ cited to substantial medical evidence demonstrating that Mr. Clough had "normal" and "full" range of motion of his extremities. *See, e.g.*, (Tr. 370) ("full range of motion"); (Tr. 459) ("Neck: Normal range of motion."); (Tr. 462) ("Neck: Normal range of motion."); (Tr. 498) ("full range of motion); (Tr. 573) ("full range of motion"); (Tr. 580) ("full range of motion"); (Tr. 596) ("full range of motion"). Moreover, the record is devoid of any evidence of positive straight-leg raising, despite the involvement of Mr. Clough's lower back. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.04A. The ALJ properly determined that Mr. Clough's impairments failed to meet or equal the Listing 1.04A criteria. Remand is therefore not required on this basis.

For the reasons set forth herein, Mr. Clough's Motion for Summary Judgment, (ECF No. 18), is DENIED, and Defendant's Motion for Summary Judgment, (ECF No. 20), is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                                            Sincerely yours,

                                                            /s/
                                                            Stephanie A. Gallagher
                                                            United States Magistrate Judge